THE STATE OF OHIO *v.* PENDER.

(No. 80-8-CRB22—Decided November 7, 1980.)

Miamisburg Municipal Court.

*Mr. Gerald E. Gunnoe,* for plaintiff.
*Mr. Richard W. Divine,* for defendant.

SHELL, J. The matter is before the court on a motion filed by the defendant to suppress certain evidence. The defendant is charged with intoxication, a minor misdemeanor, and drug abuse, a third degree misdemeanor.

Patrolman Monaghan of the Miamisburg Police Department was dispatched to an investigation on a charge of leaving the scene of an accident. The third party, Mr. McCarn, was arrested for leaving the scene of an accident; the defendant was a passenger in the McCarn vehicle.

The defense argues that the police officer had no probable cause to arrest the defendant since she was not the driver of the vehicle; the charge of intoxication is a spurious charge. The defense also argues that the search of her purse was done without permission and without probable cause.

The patrolman observed that the defendant appeared dazed. She staggered toward the officer. Impaired speech and an inability to maintain balance were also factors which led the police officer to conclude that the defendant was intoxicated. The officer stated:

"***the reason I took her for intoxication was such that I could not just leave her there. She was intoxicated***I could not leave her there with the traffic, the time of night, and the distance from her house."

Another officer, Patrolman Baker, took the defendant's purse and searched it for weapons. The search revealed two pills labeled Lemmon 714. The search of the purse was done at the scene shortly after McCarn was arrested for "hit-skip" and the defendant for intoxication.

The court is asked to determine if the police officer had probable cause to arrest the defendant for intoxication and drug abuse. The court is further asked if the officer conducted a legal search of the defendant's purse.

In order to arrest an individual for a misdemeanor without a warrant, the offense must be committed in the presence of the police officer and the officer must see the offense committed. *State* v. *Lewis* (1893), 50 Ohio St. 179, 33 N. E. 405. The exception under *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, 291 N. E. 2d 742, is not applicable here.

The view requirement is not necessary in a limited number of misdemeanor cases. In those cases the officer must have probable cause to arrest. R. C. 2935.03(B) limits probable cause arrests in misdemeanor cases to offenses of violence, domestic violence and theft. In probable cause cases, the officer must have sufficient information based upon trustworthy sources. The probable cause argument is meritless in an arrest based upon a viewing by the arresting officer.

Before discussion of the search of the defendant's handbag, application of the law of probable cause is to be applied here. Concerning the arrest of the defendant for intoxication, the issue of probable cause not only is without merit because of the limitations set forth in R. C. 2935.03(B), but also because the actions of the defendant were observed by the arresting officer. The officer observed a lack of coordination, loss of motor functions and the odor of alcohol.

The defense further argues that the arrest of the defendant is spurious and is not permitted under R. C. 2935.26.

R. C. 2935.26(A) provides:

"Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor,

the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:"

However, R. C. 2935.26(A) further states in subsection (1):

"The offender requires medical care or is unable to provide for his own safety."

Sufficient evidence has been shown to permit the officer to arrest under R. C. 2935.26(A)(1). The testimony shows a serious concern for the safety and welfare of the defendant (*i.e.*, late hour, heavy traffic, and distance from home).

The prosecution's evidence shows no facts which form a foundation on the defendant's charge of drug abuse being based upon a probable cause argument. Not only is the prosecution prevented from using this argument by R. C. 2935.03(B) but the arresting officer stated that drugs were found after a search made incident to a lawful arrest. Therefore, the court concludes that the defense's argument for lack of probable cause to arrest for the intoxication and drug abuse is not well taken.

Next, we turn to the matter of the search of the defendant's purse and the subsequent charge of drug abuse based upon the discovery of the Lemmon 714 capsules.

Searches made incident to an arrest are permissible. *Weeks* v. *United States* (1914), 232 U. S. 383. However, *Chimel* v. *California* (1969), 395 U. S. 752, limits the scope of such searches. The United States Supreme Court ruled that two elements were necessary:

(1) To protect the officer and other persons in the vicinity from dangerous instrumentalities in the presence of the arrestee, and

(2) To prevent the destruction of evidence.

The search may not be exploratory. The search may only be in areas in the immediate control of the arrestee or only those places from which the arrestee can obtain a weapon or easily destroy evidence. A search other than the person is dependent upon the facts of each case.

Once personal effects are removed from the area of control, or the suspect is removed from the scene of the arrest, no search may be made of the personal effects without a warrant. *United States* v. *Chadwick* (1977), 433 U. S. 1.

The prosecution here first argues that the search of the defendant's purse was made to ascertain if the defendant had

a weapon. However, the search of the purse was not made by the arresting officer but by another police officer after the purse was taken from the defendant. The defendant exerted no control over the purse and could not have obtained a weapon or destroyed evidence.

Though the prosecution presented no evidence to support the argument, they argue that the search of the defendant's purse at the scene was also an inventory search. Inventory searches of the property in the defendant's possession may be made. An inventory of the property is done for the protection of the arrestee's property as well as for the protection of the law enforcement officer for claims of lost or stolen property. However, inventories of property for the purpose of the protections set forth above are unreasonable if they are not part of the booking process.

This court is of the opinion that the search of the defendant's purse was unreasonable and not a search authorized for the protection of the police officer or for the reason of an inventory search.

Therefore, the court orders the suppression of evidence obtained by the illegal search of the defendant's purse.

*Judgment accordingly.*