JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Although the state charged appellant James Hamester with aggravated robbery, resisting arrest, and felonious assault, he was convicted only of resisting arrest. The trial court imposed a seventeen-month prison sentence for the conviction. Hamester appeals his conviction, raising the following four assignments of error: (1) the trial court erred by overruling his suppression motion; (2) his conviction was not supported by sufficient evidence; (3) his conviction was against the weight of the evidence; and (4) he was denied effective assistance of counsel.
In his first assignment, Hamester argues that the trial court should have granted his motion to suppress because the police had no probable cause to arrest him. We disagree. Hamilton County Sheriff's Deputy Joseph Lee observed Hamester, an apparently intoxicated person, staggering on the side of a highway. Cars were swerving to avoid hitting him and were honking at him. Upon approaching him, Lee smelled alcohol on Hamester's breath and noted his slurred speech. Lee testified that he had feared a passing motorist would strike Hamester.
This court has explained that "[a]n arrest without a warrant is constitutionally valid if, at the moment the arrest is made, the arresting officer has probable cause to make it."[1] "The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense."[2]
Whether probable cause exists is a question of law and rests on "whether there was an objective justification for the detention and arrest," not on the arresting officer's subjective intent.[3]
Under the facts of this case, there was probable cause to arrest Hamester for disorderly conduct.[4] While ordinarily a police officer cannot arrest a defendant for the commission of a minor misdemeanor, an exception exists when the offender is "unable to provide for his own safety."[5] Lee testified that he had feared for Hamester's safety and had wanted to get him off the highway before a car hit him. This was sufficient to have permitted an arrest under R.C. 2935.26(A)(1).[6]
In his second and third assignments, Hamester challenges the sufficiency and the weight of the evidence sustaining his conviction. To reverse a conviction for lack of sufficient evidence, we must conclude, after reviewing the evidence in a light most favorable to the prosecution, that "no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[7] To reverse a conviction as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether the jury lost its way and created a miscarriage of justice so that Hamester's conviction must be reversed and a new trial ordered.[8]
The state had the burden to prove beyond a reasonable doubt that Hamester by force resisted his lawful arrest by brandishing a deadly weapon.[9] Lee testified that after Hamester had run from him, he had tackled Hamester. Upon getting his feet, Hamester pulled a box cutter from his pocket, brandished it, and told Lee to stay away.
The box cutter consisted of a razor blade in a plastic casing. A deadly weapon is any instrument capable of inflicting death and used as a weapon. Looking at the evidence in a light most favorable to the state, we conclude that Lee's testimony was sufficient to demonstrate that Hamester had brandished a deadly weapon. Hamester's argument that a defense witness testified that Hamester had not brandished a weapon goes to the weight of the evidence, not its sufficiency. We conclude, however, that the jury did not lose its way by finding Lee's testimony about the incident more credible than the testimony of Hamester's witness.
Hamester also argues in support of his assignments that the state failed to demonstrate that his arrest was lawful. This portion of the assignment reargues the issue of probable cause raised in Hamester's first assignment. Having concluded that probable cause existed to arrest Hamester, we overrule his second assignment.
In his fourth assignment, Hamester argues that he was denied effective assistance of counsel because counsel failed to request an instruction on resisting arrest as a misdemeanor. To demonstrate ineffective assistance of counsel, Hamester had the burden to show that his trial counsel's representation "fell below an objective standard of reasonableness" and that he was prejudiced by counsel's errors.[10] There is a strong presumption that a licensed attorney is competent and that a challenged activity is, under the circumstances, a sound trial strategy.[11] Hamester's defense was that he had not resisted arrest and that Lee had attacked him without provocation. He presented testimony to that effect. We do not find trial counsel to be ineffective for making the tactical decision to "go for broke," instead of providing the jury another option for which to find Hamester guilty. Hamester's fourth assignment is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann, and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Deters (1998), 128 Ohio App.3d 329, 333,714 N.E.2d 972, 974.
[2] Id.
[3] Id.
[4] See R.C. 2917.11(B)(2).
[5] See R.C. 2935.26(A)(1).
[6] See State v. Pender (1980), 66 Ohio Misc. 23,419 N.E.2d 1141; State v. Jaeger (July 9, 1993), Washington App. No. 92 CA 30, unreported.
[7] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[8] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
[9] See R.C. 2921.22(C)(2).
[10] See Strickland v. Washington (1984), 466 U.S. 668,687-688, 104 S.Ct. 2052, 2064.
[11] See id. at 689, 104 S.Ct. at 2065.